ROBERT P. NEELEY

v.

JOHN T. RICH.

CONTRACT FOR SERVICES—MEMBER OF FAMILY.—Where the testimony shows that one party lived with another, as a member of his family, and the evidence fails to show an agreement or promise on the part of the latter to pay for services rendered, there can be no recovery for such services.

APPEAL from the Circuit Court of Williamson county; the Hon. D. M. BROWNING, Judge, presiding.    Opinion filed August 13, 1880.

Messrs. CLEMENS & BURTON, for appellant; that where the parties are father and child or other near relations, the presumption of a contract to pay for services on the one hand or for board on the other, will not ordinarily arise, cited Bishop on Contracts, § 77; Schouler on Dom. Rel. 378; Duffy v. Duffy, 2 Am.    Law Reg. 435; Swires v. Parsons, 5 Watts & Serg 357; Couch's Appeal, 5 Watts & Serg. 513; Defrance v. Austin, 9 Barr, 309; Luntz v. Frey, 2 Harris, 201; Lynn v. Lynn 5 Casey, 369; 1 Parsons on Contracts, 209; 2 Kent's Com. 192.

Neeley v. Rich.

Where the verdict is manifestly against the weight of evidence, a new trial should be granted: Black v. McMullen, 91 Ill. 34; Belden v. Innes, 84 Ill. 78; Ehrich v. White, 74 Ill. 481; Bell v. Gordon, 86 Ill. 501; Stickle v. Otto, 86 Ill. 164; McDavid v. Blevins, 85 Ill. 238; Chittenden v. Evans, 48 Ill. 52; T. W. & W. R. R. Co. v. Harmon, 47 Ill. 298.

Mr. L. D. HARTWELL, Mr. J. B. CALVERT and Mr. J. W. HARTWELL, for appellee; as to the right to recover, cited Morton v. Rainey, 82 Ill. 215.

Unless the verdict is manifestly against the weight of evidence, it will not be disturbed: Smith v. Shultz, 1 Scam. 491; Allen v. Smith, 3 Scam. 97; Ellis v. Lock, 3 Gilm. 459; French v. Lowry, 19 Ill. 158; Morgan v. Ryerson, 20 Ill. 343; Pullian v. Ogle, 27 Ill. 189; Underhill v. Fake, 46 Ill. 50; Hall v. Lincoln, 46 Ill. 52; T. W. & W. R. R. Co. v. Harmon, 47 Ill. 298; Hope Ins. Co. v. Lonergan, 48 Ill. 49; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; Foos v. Sabin, 84 Ill. 564; Hewitt v. Estelle, 92 Ill. 220.

CASEY, J.   This case was begun before a justice of the peace. Appeal to the circuit court, where there was a trial before a jury, and verdict for appellee. Motion for a new trial, made and overruled. The case is brought to this court by appeal. The facts are, that appellant, who is the uncle of appellee, came to Williamson county, Ill., from the State of Tennessee, in the year 1863. That appellant, with his brothers George and Thomas, lived with their father and mother. That Thomas died in 1864, and the father and mother died in 1871. Appellee and his sister Nan, when very small, and before the death of the old folks, came to live with the family. And after their death, appellant and George kept house, appellee and his sister remaining with them. George was away most of the time. He died in 1876, and appellee and his sister, continued to live with appellant. He very clearly appears to have been the head of the family. He furnished provisions for the family, paid for clothing and physicians' bills for appellee, and generally had charge of the establishment.

This suit is brought to recover for the services of appellee, rendered for appellant, as is claimed. Up to the time of the death of George Neely, in 1876, it is not claimed but that appellee and his sister lived with appellant and George as members of his family. And the question to determine is, whether or not, after that time, there was any change in the relation of the parties, by which appellant became liable to pay appellee for his services. Appellee, in his testimony, states that after George died, appellant said to his sister: "Nan, if you and John (appellee) will stay as you have been staying, you shall have anything you want." Appellant states the conversation as follows: He asked John and Nan what they should do, break up or live on as we have lived, and that their reply was, they had rather live with him. They had had no other home since they were very small, and had no other then. There was nothing in the statement of either party to create a liability on the part of appellant to pay for the services of appellee. Appellee continued to live with his uncle until about September, 1879. In the winter of 1877 and 1878 he went to school, or might have done so if he would. Nothing was said about pay for his services. In the latter part of September, 1879, he left the house of appellant, and soon after this suit was brought to recover for two years and eleven month's work.

Shortly after appellee went away, one J. H. Neely, who is a brother of appellant, and who swears that his feelings are unfriendly toward his brother, called on appellant, and stated that appellee was about to sue him. That appellant, in reply, said he would give John Rich $35 or $40, and the witness can't say whether or not appellant proposed to pay said sum, rather than have a lawsuit, or as a compromise. Appellant states positively that the proposition was made with a view of avoiding a lawsuit, and as a compromise, and that he was not indebted to appellee in any amount whatever. Certainly, up to that time there was no express or implied obligation to pay anything for the services of appellee, and the offer to compromise did not create any liability unless it was accepted.

After a careful consideration of the testimony, we think it very clear that appellee lived with appellant as a member of

his family, as he had done prior to George's death, and that at that time there was no intention whatever to charge for his service, and that there was no express or implied obligation on the part of appellant to pay for such services.

The judgment of the circuit court is reversed and the cause remanded.

Judgment reversed.